IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Cr. No. C-97-283-(1) |
| | § | C.A. No. C-05-___ |
| RODOLFO C. MARROQUIN | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Rodolfo C. Marroquin's ("Marroquin") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 46).[1] His motion was originally styled as a "Motion for Relief Based On the New Mandate and Holding of the Honorable U.S. Supreme Court." In an order entered February 22, 2005, the Court notified Marroquin that it intended to construe his motion as a motion pursuant to 28 U.S.C. § 2255. Pursuant to the directives of Castro v. United States, 540 U.S. 375, 124 S. Ct. 786 (2003), the Court gave Marroquin the opportunity to supplement his motion or to voluntarily withdraw his motion. (D.E. 47).

Subsequent to the entry of that order, Marroquin filed a notification to the Court asking the Court to construe his motion as a § 2255 motion, and then filed, on two separate dates, an identical memorandum in support of his motion. (D.E. 49, 50, 51). The Court concludes that it is not necessary to order a government response because "it plainly

---

[1] Dockets entries refer to the criminal case, C-97-cr-283.

1

appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. For the reasons set forth below, the Court DENIES Marroquin's motion as time-barred. Additionally, the Court DENIES Marroquin a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On December 10, 1997, Marroquin was charged in a two-count indictment with: 1) knowingly possessing with intent to distribute approximately 13 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2 (count one); and 2) conspiring to knowingly and intentionally possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (count two). (D.E. 1). Marroquin pleaded guilty to count one pursuant to a written plea agreement on February 2, 1998. (D.E. 30, 31).

Marroquin was sentenced on April 6, 1998, and judgment of conviction was entered April 7, 1998. (D.E. 38, 41). Marroquin did not appeal his conviction or sentence. On September 8, 2003, Marroquin filed a motion for reconsideration of his sentence. (D.E. 43). By Order entered November 10, 2003, this Court construed that motion as one brought pursuant to 28 U.S.C. § 2255, analyzed Marroquin's claim and denied the motion as being

barred by the applicable statute of limitations. Final judgment was entered the same date. (D.E. 44, 45).[2]

On January 18, 2005,[3] Marroquin filed his motion for relief pursuant to United States v. Booker, 125 S. Ct. 738 (2005). (D.E. 46). That motion, construed as a § 2255 motion, is now pending before the Court.

### III. DISCUSSION

**A.    Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[4] 28 U.S.C. § 2255. The

---

[2]    As noted in the Court's February 17, 2005 Order, Marroquin's first motion was not styled by him as a § 2255 motion, and it was construed as one by this Court without giving the now-required notice as set forth in Castro v. United States, 540 U.S. 375, 124 S. Ct. 786 (2003). (Castro had not yet been decided at the time of the Court's earlier order.) Pursuant to Castro, Marroquin's September 2003 motion does not constitute a "first" § 2255 motion for purposes of the bar on "second or successive" motions, because Marroquin was not given the proper notice before the Court recharacterized it as a § 2255 motion.

[3]    Marroquin's original motion was received by the Clerk on January 21, 2005, but is dated January 18, 2005 and contains a Certificate of Service dated January 18, 2005. Thus, that is the earliest date that it could have been delivered to prison authorities for filing, the pertinent date for deeming a document filed by a *pro se* prisoner under Houston v. Lack, 487 U.S. 266. 276 (1988). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). The Court deems it filed on January 18, 2005.

[4]    The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

The period for Marroquin to file a notice of appeal from the judgment against him expired ten days after the entry of his judgment of conviction. Fed. R. App. P. 4(b). At the time that Marroquin's judgment was entered, Fed. R. App. P. 26 provided that the ten-day period for appealing did ***not*** exclude intermediate Saturdays, Sundays and legal holidays.[5] Calculated under Rule 26 in effect at that time, then, ten days after April 7, 1998 is April 17, 1998. In this case, Marroquin did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on April 17, 1998. Marroquin's time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on April 17, 1999. Marroquin's motion is deemed filed as of January 18, 2005. Thus, it was filed more than five years beyond the deadline.

Presumably, Marroquin relies on subsection (3) of the limitations period in § 2255, which allows a motion to be brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

---

[5] At the time final judgment was entered against Marroquin, Rule 26(a), Fed. R. App. P., provided that when calculating time under the Federal Rules of Appellate Procedure, a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 7 days, unless stated in calendar days." Effective December 1, 2002, the rule reads that a litigant should "exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days." See 2002 Adv. Comm. Notes, Fed. R. App. P. 26.

4

the Supreme Court and made retroactively applicable to cases on collateral review." This section is only applicable, however, if Booker applies retroactively on collateral review. Put differently, if Booker applies retroactively to cases on collateral review, then Marroquin's Booker claim is arguably timely under § 2255(3).

The Fifth Circuit has not yet addressed whether Booker applies retroactively on initial collateral review, although it recently held that the Supreme Court has not made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, __ F.3d __, 2005 WL 976998 (5th Cir. April 28, 2005). The Second, Sixth, Seventh, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review, however, and have concluded that Booker does not apply retroactively. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005)(concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005)(same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005)(same); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005)(same).

Similarly, in a post-Booker decision, the Tenth Circuit rejected a § 2255 movant's argument that Blakely applies retroactively. United States v. Price, 400 F.3d 844 (10th Cir. 2005). In so doing, the Price court utilized reasoning which would be equally applicable to Booker. See generally id.[6]

---

[6] Notably, this Court has been unable to locate any federal decision, from either district courts or circuit courts of appeal, holding that Booker is retroactive.

The Court agrees with the reasoning and conclusions set forth in the foregoing cases and thus holds that Booker is not retroactive to cases on collateral review. Because Marroquin's conviction became final prior to January 12, 2005, he is not entitled to relief under Booker. His motion is therefore time-barred.

**B.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Marroquin has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Marroquin has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred, nor could they disagree that the Court's procedural ruling on this point is correct. Accordingly, Marroquin is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Marroquin's motion under 28 U.S.C. § 2255 (D.E. 46) is DENIED. The Court also DENIES Marroquin a Certificate of Appealability.

Finally, because Marroquin's motion is being construed as a motion pursuant to 28 U.S.C. § 2255, the Clerk is hereby directed, for statistical and administrative purposes, to: 1) open a new civil action as related to Marroquin's § 2255 motion; 2) docket both his motion (D.E. 46) and this Order in the civil case; and 3) close the civil case on the basis of this order.

ORDERED this 31st day of May, 2005.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE